**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| MAIN STREET RENEWAL LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED FINANCIAL CASUALTY COMPANY and ATLANTIC CASUALTY INSURANCE COMPANY,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:26-cv-01385-JMD |

**MEMORANDUM AND ORDER**

The unanimity rule for removing a case to federal court requires that all defendants consent to the removal within 30 days of service. *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2012). What happens if a defendant violates this rule but nobody moves for remand? The Court concludes that a district court can remand the case *sua sponte*. Because the defendants in this case did not all give "timely filed written indication" that they "actually consented to the removal" within 30 days of service, *id.*, the Court *sua sponte* remands this case to state court.

**Factual Background**

Main Street Renewal LLC sued joint defendants United Financial Casualty Company and Atlantic Casualty Insurance Company on June 10, 2026, in state court. ECF 1-1. Both United Financial and Atlantic Casualty were served on July 31, 2026. ECF 1 ¶ 3; *see* Corporation Served, *Main Street Renewal LLC v. United Financial Casualty Co.*, No. 2611-CC00807, at 26-SMCC-2118 (Mo. Cir., Aug. 24, 2026) ("original process" was "duly served" on "Friday, July 31, 2026."). On August 28, 2026, Atlantic Casualty filed a notice of removal

in this Court, alleging diversity jurisdiction. ECF 1. Atlantic Casualty made no allegation that United Financial had been improperly joined as defendants. *See generally id.* Within the first 30 days after service, United Financial did not sign Atlantic Casualty's notice or file anything in this case informing the Court of consent to removal. *See* ECF 14. Instead, United Financial kept litigating the case in state court. After Atlantic Casualty had already filed its notice of removal to federal court, United Financial filed an appearance and a motion to dismiss on September 4, 2026, in the state court. *See generally* Docket, *Main Street Renewal LLC v. United Financial Casualty Co.*, No. 2611-CC00807 (Mo. Cir. Sept. 4, 2026). Then, on September 10, 2026, forty-one days after each defendant was served, United Financial filed a notice of consent to removal in this Court. ECF 14.

**Legal Background**

The party seeking removal bears the burden of establishing federal jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam). "The right to remove a lawsuit from state to federal court is entirely a creature of statute, and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Enbridge Energy, LP v. Nessel*, 146 S. Ct. 1074, 1079 (2026) (per curiam) (cleaned up). "[T]he procedures" for removal "are largely set forth in § 1446." *Id.* Statutes like § 1446 are strictly construed, and doubts are resolved in favor of remand. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

That statute requires that defendants meet a 30-day clock. A defendant seeking to remand must file a removal notice "within 30 days" after being served with the complaint. 28 U.S.C. § 1446(b)(1). But every defendant must consent; removal is ineffective unless every defendant notifies the court of its wishes to join in removal. *Id.* § 1446(b)(1)(2). The time

limit for joint defendants to notify the court is 30 days after service. *Id.* Although the 30-day time limit to remove a case to federal court is "nonjurisdictional," the time limit "remain[s] 'mandatory'" and is not "malleable." *Enbridge*, 146 S. Ct. at 1081 (cleaned up).

Plaintiffs also have a 30-day clock. If a plaintiff believes removal is procedurally defective, it can move to remand, but that motion to remand "must be made within 30 days after the filing of the notice of removal." *Id.* § 1447(c). Because a defendant may also have up to 30 days to join in a removal, plaintiffs sometimes will have little or no time to move to remand if a defendant fails to timely join in a removal.

## Analysis

The Court first assesses whether it has authority to remand this case *sua sponte* and then considers whether remand is required because of Atlantic Casualty's failure to secure consent to its removal from all defendants within 30 days of service of Main Street's petition.

### I.

The question at hand is whether a court can remand a procedurally defective removal on the court's own motion—that is, *sua sponte*. If so, does the 30-day time limit in § 1447(c) apply, or is that limit only for plaintiffs? The Court concludes that it can raise these issues *sua sponte*. Precedent, the inherent authority of courts, the text of the relevant statute, and background principles of federalism all support this conclusion. Whether the 30-day clock binds courts is less clear.

### A.

Courts disagree about whether a district court has authority to remand a case *sua sponte* for procedural defects in removal. Although the precedent tugs both directions,

precedent in the Eighth Circuit better favors the authority of district courts to assess these questions *sua sponte*.

Courts of appeals in other circuits have split. The Second Circuit has said that it is within the authority of a district court "*sua sponte*, to raise the matter [of a procedural defect] within 30 days of removal." *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 644 (2d Cir. 1993); *but see Mitsokovski v. Buffalo and Fort Erie Public Bridge Authority*, 435 F.3d 127 (2d Cir. 2006) (merely "assum[ing] that the District Court had authority to remand *sua sponte*"); *see also JP Morgan Chase Bank, N.A. v. Caires*, 768 F. App'x 73, 75 (2d Cir. 2019) (concluding that a district court's *sua sponte* remand for untimeliness was unreviewable). Other courts of appeals have held that district courts lack this authority. *E.g.*, *In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 451 (3d Cir. 2000) (no authority of district courts to remand *sua sponte* for procedural defects); *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198 (4th Cir. 2008) (same).

As far as the Court is aware, no *recent* Eighth Circuit precedent directly addresses the issue. That is unsurprising because a district court's decision to remand "based on a 'defect in removal procedure' under § 1447(c)" is unreviewable on appeal. *G.T. v. Liberty Mut. Fire Ins. Co.*, 182 F.4th 754, 758 (8th Cir. 2026). But one century-old case from the Eighth Circuit lends support to the idea that district courts can remand procedurally defective removals *sua sponte*. There, no party had removed to remand, yet the Eighth Circuit assessed *sua sponte* whether all defendants had joined in the notice of removal. The court reasoned that where "no motion to remand or plea to the jurisdiction was made . . . the allegations of the removal petition are to be taken as true." *Highway Const. Co. v. McClelland*, 14 F.2d 406, 408 (8th Cir. 1926). But even "taken as true," the record still must be "sufficient," and on the court's

*sua sponte* examination of that record, it "d[id] not appear from the record" that one of the defendants "joined in the petition for removal." *Id.*

The Court will not set aside this language as dicta. To be clear, this reasoning could be read as dicta. The Eighth Circuit did not say it was disposing of the appeal because of lack of unanimity. It instead held that the complaint failed to establish diversity jurisdiction. *Id.* But the Eighth Circuit itself has not read *McClelland* so narrowly. Even though *McClelland*'s analysis of joinder was not strictly necessary to the disposition of the case, the Eighth Circuit interpreted *McClelland* as holding that all defendants must join in removal. *Wright v. Missouri Pac. R. Co.*, 98 F.2d 34, 35 (8th Cir. 1938). And a district court in Missouri, citing *McClelland* as controlling authority, concluded that "[i]f such joinder is not clearly shown, the District Court must remand the cause sua sponte." *Barnes v. Parker*, 126 F. Supp. 649, 650 (W.D. Mo. 1954).

The Court thus concludes that under Eighth Circuit precedent, district courts have authority to *sua sponte* remand cases for procedural defects in removal. That is consistent with the decisions of some federal district courts in the Eighth Circuit, which have long held that district courts have authority to remand a case *sua sponte* because of a failure of all defendants to "join[] in the present removal proceeding." *McMahan v. Fontenot*, 212 F. Supp. 812, 815 (W.D. Ark. 1963); *see also Erwin v. Allied Van Lines, Inc.*, 239 F. Supp. 144, 145 (W.D. Ark. 1965) ("even if the motion to remand is defective or had not been filed, the court sua sponte may remand the suit under 28 U.S.C. § 1447(c)"). And it is consistent with the rulings of some district courts in other circuits. *E.g.*, *Cassara v. Ralston*, 832 F. Supp. 752, 753–54 (S.D.N.Y. 1993) (Sotomayor, J.); *In re Gold Messenger, Inc.*, 221 B.R. 259, 262 (D. Colo. 1998); *Woodard v. Icon Health & Fitness, Inc.*, No. 11-CV-02562-CMA-BNB, 2011 WL

4632488, at *2 (D. Colo. Oct. 6, 2011); *Braun v. Chartwell L. Offs., LLP*, 2023 WL 6587965, at *1 (E.D.N.Y. Oct. 10, 2023); *Jimenez-Castro v. Greenwich Ins. Co.*, 2020 WL 7352505, at *2 (S.D.N.Y. Dec. 15, 2020).

**B.**

In the absence of binding precedent saying otherwise, the Court also concludes that the inherent authority of federal district courts includes authority to remand a case *sua sponte* upon discovering a clear procedural defect in removal.

District courts receive authority through several sources, including statutes and the Federal Rules of Civil Procedure, but those sources "are not all encompassing" and "make no provision" for "standard procedural devices trial courts around the country use every day in service of Rule 1's paramount command: the just, speedy, and inexpensive resolution of disputes." *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016). District courts are able to do those things because of a third source of authority, inherent authority, which is implicit in the "very nature of the court as an institution." *United States v. Oliver*, 878 F.3d 120, 124 (4th Cir. 2017); *accord United States v. Hudson*, 11 U.S. 32, 34 (1812). That authority includes the power to act "*sua sponte*" and is justified by the need for "courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962).

District courts thus have expansive authority to pursue the just, speedy, and inexpensive resolution of disputes in ways that might not be expressly contemplated by a federal statute or rule. Indeed, consistent with this inherent authority, Federal Rule of Civil Procedure 83 expressly empowers each individual district judge to "regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and

the district's local rules." District courts thus have authority to rule on motions in limine and motions to dismiss for *forum non conveniens* even though nothing in the Federal Rules of Civil Procedure expressly contemplates either procedure. *Dietz*, 579 U.S. at 45.

The Supreme Court has identified two limits to a district court's inherent authority. "First, the exercise of an inherent power must be a reasonable response to the problems and needs confronting the court's fair administration of justice. Second, the exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Id.* (cleaned up). Consistent with these limits, it is now well established that district courts have inherent authority to modify or rescind interlocutory orders, recall a discharged jury, stay proceedings pending resolution of a parallel matter in another court, dismiss *sua sponte* for failure to prosecute, and vacate judgments procured by fraud. *Id.* at 47. District courts likewise have the inherent authority to sanction *sua sponte*, punish through contempt, and investigate to determine whether a party has engaged in an act of fraud upon the court. *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). There are countless other examples. *See* Benjamin H. Barton, *An Article I Theory of the Inherent Powers of the Federal Courts*, 61 Cath. U. L. Rev. 1, 2 n.1 (2011) (collecting numerous examples).

Remanding a case *sua sponte* for a clear procedural defect is consistent with a district court's inherent authority.

**1.** For one thing, it is a reasonable response to the problem. It makes adjudication more efficient. It permits a court to ensure compliance with basic procedural requirements. And it encourages litigants to be more fastidious about complying with those requirements. It also fills a gap in the statute by ensuring that a court can enforce procedural requirements

in circumstances where nobody else could. As explained above, the clock for a defendant to join in removal and for a plaintiff to move to remand for a procedural defect in removal is the same: 30 days. Sometimes the clock starts at the same time for both plaintiffs and defendants. That happens when all defendants are served on the same day and one defendant removes to federal court that same day. In that circumstance, a plaintiff will not know whether a defendant missed the 30-day window until the plaintiff's own clock has elapsed. So the plaintiff may never have an opportunity to enforce the procedural requirements of removal. Only a court acting *sua sponte* could enforce the procedural requirement in that circumstance.

**2.** No statute or rule divests district courts of this authority. Some courts outside the Eighth Circuit have concluded that § 1447(c) divests district courts of authority to raise these issues *sua sponte*. This Court disagrees. That statute provides that a "motion to remand the case on the basis of any defect" is proper if "made within 30 days after the filing of the notice of removal." Nothing about that text explicitly or implicitly divests district courts of authority they otherwise would have.

Contending otherwise, some courts have said that the express mention in § 1447 of a motion for remand implicitly precludes other avenues for remand; Congress's decision to recognize one vehicle for remand, they say, necessarily precludes any other vehicle. *Matter of Cont'l Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994) (describing the argument, as adopted in other cases). There are two problems with that argument.

First, the negative inference is unsound. "Judges do many things on their own motion, and Congress may have left the extent of these powers alone." *Id.* Congress generally does not divest courts of inherent authority by implication. *See, e.g.*, *Link*, 370 U.S. at 630–31

(requiring a "much clearer expression of purpose" before a court could "assume that [a provision] was intended to abrogate" part of a district court's "inherent power").

Second, even assuming that a "motion to remand" is the exclusive vehicle for remand, Congress never suggested that "motions to remand" excludes motions made by courts. A *sua sponte* order is a court acting "on its own motion." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006); *Sua sponte*, Black's Law Dictionary (12th ed. 2024) (same); *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1410 (11th Cir. 1997) ("We find that the term 'motion to remand' in § 1447(c) includes a district court's sua sponte remand."); *Cassara*, 832 F. Supp. at 753–54 (Sotomayor, J.). In other statutes mentioning motions, courts regularly conclude that district courts can act *sua sponte*. For example, even though the federal transfer statute contemplates transfer only "[u]pon motion," courts have read the statute to encompass *sua sponte* orders. *E.g.*, *I–T–E Circuit Breaker Co. v. Becker*, 343 F.2d 361, 363 (8th Cir. 1965) (per curiam); *see also* Procedure for Transfer, 15 Fed. Prac. & Proc. Juris. § 3844 (4th ed.) (While "[t]he procedure for obtaining transfer of a civil action under 28 U.S.C.A. § 1404(a) is by motion," the "language of the statute is broad enough that a district court can order transfer on its own initiative.").

Congress has also passed many statutes using language recognizing that district courts have authority to act on their "own motion." *E.g.*, 28 U.S.C. § 157(d) ("The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."); 28 U.S.C. § 596 ("The division of the court, either on its own motion or upon the request of the Attorney General, may terminate an office of independent counsel at any time."); 28 U.S.C. § 1932 ("the court may order the revocation" of "earned good time credit" on "its own motion or the motion of

any party"); 28 U.S.C. § 2646 ("the court may, upon the motion of a party or upon its own motion, grant a retrial or rehearing"); 18 U.S.C. § 1514 ("A United States district court, upon motion of the attorney for the Government, or its own motion, shall issue a protective order"); 48 U.S.C. § 2166(e)(3) ("The court of appeals for the circuit" shall "have jurisdiction to hear appeals of interlocutory orders or decrees if the district court on its own motion or on the request of a party to the order or decree certifies . . . ."). In light of Congress's express acknowledgment that a court may act "on its own motion," the phrase "motion to remand" in § 1447 cannot reasonably be interpreted to exclude courts acting *sua sponte*.

**3.** Finally, some courts have concluded that background principles of forfeiture and waivability mean that district courts lack authority to act *sua sponte* in response to a procedural defect in removal. Because issues like personal jurisdiction can be waived, those courts note that a plaintiff could choose not to move to remand because the plaintiff wishes to waive procedural arguments about removal. A plaintiff, they say, might have decided to "accept the defendant's choice of a federal forum." *Cont'l Cas. Co.*, 29 F.3d 292, 294; *Ellenburg*, 519 F.3d at 199. That reasoning is unpersuasive for two reasons.

For one thing, that reasoning overlooks the background principle that "federal courts give considerable deference to a plaintiff's choice of forum." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). In all these cases, a plaintiff has made one clear choice; the plaintiff had the option to file in either federal or state court and expressly chose state court. The plaintiff's subsequent silence is hardly a strong inference of a change of heart. Generally speaking, "inaction lacks persuasive significance because several equally tenable inferences may be drawn from such inaction." *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 187 (1994). Maybe the plaintiff acquiesced.

But maybe the plaintiff simply did not want protracted motions practice, did not have the resources to react quickly enough, or was simply unaware of the unanimity requirement. The clearest evidence of a plaintiff's forum choice is the plaintiff's express decision to file in state court, not the plaintiff's later silence. The acquiescence argument also overlooks the federalism concerns that demand resolving all doubts in favor of the state courts. "[P]rohibiting sua sponte remands of procedurally defective cases fails to pay due heed to the well-established proposition that removal statutes are to be strictly construed and all doubts resolved against permitting removal." *Woodard*, 2011 WL 4632488, at *2 (cleaned up). "[S]erious issues of comity arise when a removal is attempted" improperly from "a state court." *In re Gold Messenger*, 221 B.R. at 262. "Since removal jurisdiction raises significant federalism concerns," any "doubts" that the Court has "about the propriety of a removal" must be resolved "in favor of remand to the state court jurisdiction." *Andersen v. Khanna*, 827 F. Supp. 2d 970 (S.D. Iowa 2011) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).

In sum, district courts have inherent authority to remand cases *sua sponte*. Nothing in § 1447 divests courts of that authority. Either that statute concerns only motions filed by litigants (and thus does nothing to divest court authority) or the plain meaning of the term "motion to remand" encompasses a district court's decision to act "on its own motion." Either way, district courts have authority to remand cases *sua sponte*. Federalism principles merely underscore that interpretation.

**C.**

The next question is a closer call on the short time frame this Court has to assess the issue: does the 30-day time limit in § 1447 apply to district courts? Courts have generally

said yes. *E.g.*, *In re Bethesda Mem'l Hosp*, 123 F.3d at 1411; *Maniar v. FDIC*, 979 F.2d 782, 785-86 (9th Cir. 1992); *FDIC v. Loyd*, 955 F.2d 316, 322 (5th Cir. 1992); *Air-Shields, Inc. v. Fullam*, 891 F.2d 63, 65 (3d Cir. 1989). This Court is not so sure.

As explained above, the best reading of § 1447 is that it governs plaintiffs, not courts. Congress included no express language stating it was governing courts. And because Congress generally does not circumscribe inherent judicial authority without clearer language, § 1447 simply tells plaintiffs when they must move for remand. That interpretation also makes sense because federal dockets typically do not reflect when a court identifies an issue *sua sponte*. When a litigant files a motion, a court often will not rule on that motion for weeks or months. So the court's ruling might not arrive until much after that 30-day window. But when a court acts on its own motion, the docket typically reflects only the court's order resolving its own motion, not the motion itself. It makes little sense for a court to be forced to rush when acting on its own motion; courts are not required to do so in response to a motion by a plaintiff. Further, if the 30-day limit applies to courts as well, then the statute would make it impossible in some cases to correct a procedural defect. As explained above, because the clocks for plaintiffs and defendants are the same length, plaintiffs sometimes will be unable to enforce the procedural requirements for removal, even though those requirements are "mandatory" and not "malleable." *Enbridge*, 146 S. Ct. at 1081. If the same clock also governs courts, then these "mandatory" procedural requirements may be entirely unenforceable in some cases.

Nonetheless, the Court agrees that if a court remands a case *sua sponte*, it is at least best practice to do so within 30 days of removal. That is consistent with "Rule 1's paramount command: the just, speedy, and inexpensive resolution of disputes." *Dietz*, 579 U.S. at 45.

The 30-day window is rapidly approaching, and the Court has received no briefing on this issue, so the Court will abide by the 30-day window.

**II.**

The Court exercises its authority to remand the case *sua sponte* because the defendants have not complied with the rule of unanimity.

The rule of unanimity has been violated because United Financial did not join in Atlantic Casualty's removal within 30 days after United Financial was served. "[T]he requirement that all properly served defendants provide their consent within the thirty day removal period to prevent remand is settled." *Push Pedal Pull, Inc. v. Casperson*, 971 F. Supp. 2d 918, 924 (D.S.D. 2013). "Where there are multiple defendants, all must join in a notice to remove within thirty days of service." *Christiansen*, 674 F.3d at 932 (cleaned up). "To read the removal statute as permitting late consent would not only overlook the statute's clear language, but would also undermine the rapid determination of the proper forum," which is "a goal of the removal procedures." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 151 (2d Cir. 2021) (cleaned up).

Here, only Atlantic Casualty filed a notice of removal within 30 days of service and United Financial Casualty Company did not join it. ECF 1. United Financial was served the same day Atlantic Casualty was served on "July 31, 2026." ECF 1 ¶ 3; Corporation Served, *Main Street Renewal LLC v. United Financial Casualty Co.*, No. 2611-CC00807, at 26-SMCC-2118 (Mo. Cir., Aug. 24, 2026). United Financial thus had until August 30, 2026, to express its consent to removal. But United Financial only filed its consent to removal on September 10, 2026, eleven days after the 30-day clock had run. ECF 14. Since the "documents" that

"evince" United Financial's "consent" were "filed outside the thirty day removal period," remand is "required." *Push Pedal Pull*, 971 F. Supp. 2d at 924.

United Financial cannot circumvent the unanimity requirement by arguing that its later-filed consent to removal is sufficient. This filing demonstrates consent, "but it came well beyond the removal period." *Id.* at 925. To "meet the consent requirement, there must be some timely filed written indication from each served defendant, or from some person with authority to act on the defendant's behalf, indicating that the defendant has actually consented to the removal." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015) (quotation marks and citation omitted). The Eighth Circuit has "specifically advised non-removing defendants who wish to consent to removal to either sign the notice of removal or file a timely and unequivocal consent." *Id.* (quoting *Christiansen*, 674 F.3d at 933). Defendants can manifest their consent in various ways. *Couzens v. Donohue*, 854 F.3d 508, 515 (8th Cir. 2017) (removing defendant's attestation that it had "obtained" co-defendant's "consent prior to removal" is sufficient); *Griffioen*, 785 F.3d at 1188 (certification filed with notice of removal that states, "The co-defendants have given their consent" is sufficient). But there must be some express manifestation of consent to removal by all defendants within 30 days of service. *Christiansen*, 674 F.3d at 932.

Here, United Financial did not express consent to removal at all within 30 days of service. Even after Atlantic Casualty's removal, United Financial kept litigating this case in state court by filing an appearance and a motion to dismiss. *See generally* Docket, *Main Street Renewal LLC v. United Financial Casualty Co.*, No. 2611-CC00807 (Mo. Cir. Sept. 4, 2026). While the Court recognizes the Eighth Circuit's "reluctance to apply the unanimity requirement in a hypertechnical and unrealistic manner." *Couzens*, 854 F.3d at 515 (cleaned

up). The unanimity rule is not dead in the Eighth Circuit. *Christiansen*, 674 F.3d at 933. Nor has it been repealed by Congress. *Taylor*, 15 F.4th at 152. It still must be applied. *Id.* ("[W]e are limited to interpreting a clear statutory command from Congress that all defendants must consent to removal within thirty days of service."). Where, as here, there is no consent by a defendant expressed in any form within 30 days of service and instead continued litigation of the case by that defendant in the state court, the unanimity rule has been violated.

**Conclusion**

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Circuit Court of St. Charles County, Missouri for all further proceedings.

Dated this 23rd day of September, 2026

Joshua Divine

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI